Patrick L. KAHAWAIOLA'A; Samson L. Brown; Richard L. Kela; Norman K. Macomber, Sr.; Steven K. Angay; Harold U. Jim, Plaintiffs–Appellants,

v.

George W. BUSH, United States President in his official capacity; Linda Lingle, Governor, in her official and individual capacity; State of Hawaii; Department of Hawaiian Home Lands; Micah Kane, Director, in his official and individual capacity, as Chairman of Hawaiian Homes Com-

---

mission; Herring Kalua, in his official and individual capacity as Hawaiian Homes Commissioner; John Hirota; Mike McElroy; Francis Apoliana; John Piper, in their official and individual capacities as Staff for the Department of Home Lands; Ray Soon; Edward Andrade, as private individuals; Malama Ka Aina Hana Ka Aina, Inc.; William K. Pakani, Sr.; Kelli W. Ione; James Pelekane; Agnes Benedicto; Carol Ioane; Francis K. Laimana, Jr.; Ken's Towing Service; Ken Antonio, as private individuals; Hawaii Islands Humane Society; Ronald Jenkins; Duane Mendoza, as private individuals; Big Isle Moving & Draying; Martin Dyer, as a private individual; James Iopa, Sr., as a private individual, Defendants–Appellees.

No. 04–16790.

D.C. No. CV–03–00517–SOM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided June 29, 2006.

594

Patrick L. Kahawaiolaʻa, Hilo, HI, pro se.

Samson L. Brown, Hilo, HI, pro se.

Richard L. Kela, Hilo, HI, pro se.

Norman K. MacOmber, Sr., Hilo, HI, pro se.

Steven K. Angay, Hilo, HI, pro se.

Harold U. Jim, Hilo, HI, pro se.

Thomas A. Helper, Esq., Office of the U.S. Attorney, Dean E. Ochiai, Shannon L. Wack, Esq., Law Offices of Dean E. Ochiai, Honolulu, HI, Diana L. Van De Car, Esq., Hilo, HI, Clayton Lee Crowell, for Defendants–Appellees.

Kelli W. Ione, Hilo, HI, pro se.

Francis K. Laimana, Jr., Hilo, HI, pro se.

Before B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM \*

Plaintiffs challenge the district court's order granting a motion for judgment on the pleadings and its sua sponte order dismissing the non-moving parties. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Claims against the State of Hawaiʻi and its agency, the Department of Hawaiian Homelands ("DHHL"), are barred on the basis of sovereign immunity. *See Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir.2005). As described below, Plaintiffs' claims against Governor Linda Lingle, employees of DHHL and the Hawaiian Homelands Commission, and former employees of those agencies are barred because Plaintiffs have failed to state a claim against them.

■ Claim One for breach of Compact fails because Plaintiffs have not shown that they were harmed by the transfer of management over the trust property from the federal government to the state government. Accordingly, Plaintiffs lack standing to challenge the Hawaiʻi Statehood Admissions Act of March 18, 1959, Pub.L. No. 86–3, § 5(b), 73 Stat. 4 (1959) (codified at 48 U.S.C. § 491), and "Act 207," *codified at* Haw.Rev.Stat., HHCA, Tit. 2, § 202. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Claim Two for conspiracy fails because Plaintiffs have not alleged that DHHL wrongly favored Malama KaʻAina Hana KaʻAina (MAHA) over them, nor have they alleged that they were wrongfully evicted from King's Landing. Claim Three fails because DHHL has statutory authority to grant leases, *see* Haw.Rev. Stat., HHCA, Tit. 2, § 207, and therefore

of this circuit except as provided by Ninth Circuit Rule 36–3.

necessarily has the lesser authority to grant temporary rights of entry. Claim Four alleges that DHHL has not properly taxed MAHA as required by the Right of Entry. Even assuming that Plaintiffs could claim state taxpayer standing under *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1180 (9th Cir.1984), Plaintiffs' claim would fail because MAHA is a non-profit organization that is likely not subject to property taxes, *see Zelman v. Simmons–Harris*, 536 U.S. 639, 665, 122 S.Ct. 2460, 153 L.Ed.2d 604 (2002), and therefore Plaintiffs have not properly alleged a " 'good-faith pocketbook' injury," *see Hoohuli*, 741 F.2d at 1180. Claim Five fails because Plaintiffs have not stated any allegations that would support a claim for breach of fiduciary duty.

Plaintiffs' conspiracy claim against Ken's Towing and its employee, the Hawaiian Island Humane Society and its employees, Big Isle Moving & Draying and its employees, and against individual members of MAHA fails for the same reasons as the claims fail against the state officials: Plaintiffs have not alleged any *wrongful* action on the part of these private Defendants.

Accordingly, the district court's orders dismissing the claims against all defendants is AFFIRMED.